UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LINDSEY BUZBEE,<br><br>                         Plaintiff,<br><br>           v.<br><br>ANDREW SAUL, Commissioner of the<br>Social Security Administration,<br><br>                         Defendant. | CAUSE NO.: 1:18-CV-149-TLS-SLC |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) [ECF No. 22]. The Plaintiff's attorney requests to be paid attorney fees in the amount of $18,050.00 pursuant to 42 U.S.C. § 406(b). Pl.'s Mem. 2, ECF No. 38. The Defendant has filed a Response, stating that "[t]he Commissioner neither supports nor opposes Plaintiff's attorney's request." Def.'s Resp. to Pl.'s Mot. for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b), ECF No. 24. The Plaintiff has filed a Reply [ECF No. 25]. For the reasons stated below, the Plaintiff's Motion is GRANTED.

**BACKGROUND**

The Plaintiff initiated this action for judicial review of the Commissioner of Social Security's decision denying her application for disability insurance benefits and supplemental security income. On December 12, 2018, the Court granted the Parties' Agreed Motion for Reversal with Remand for Further Administrative Proceedings. ECF No. 17. On January 29, 2019, the Court awarded $5,690.06 in attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. ECF No. 21.

On remand, the Social Security Administration issued a Notice of Award entitling the Plaintiff to past-due disability insurance benefits, of which twenty-five percent in the amount of $24,050.00 was withheld. *See* Notice of Award 4, ECF No. 22-1. The Plaintiff's attorney filed the instant motion [ECF No. 22], noting that she is entitled to attorney fees pursuant to § 406(b) in the amount of $24,050.00. This amount is based on the retainer agreement between the Plaintiff and her attorney, in which the Plaintiff agreed to pay her attorney twenty-five percent of all past-due benefits for the attorney's work "beyond the ALJ level of administrative review process." Social Security Disability Application Fee Agreement ¶ 3, ECF No. 22-2.

The Plaintiff's attorney further notes that she is only entitled to retain a maximum of $18,359.94, which represents her total fee ($24,050.00) less the EAJA fees she was awarded ($5,690.06). The Plaintiff's attorney proposes that she be paid $18,050.00 in fees, which is the amount the Social Security Administration will continue to hold after it pays the Plaintiff's agency counsel, James A. McKown, the $6,000 to which the attorney believes he is entitled under 42 U.S.C. § 406(a). *See* Pl.'s Mem. 2 ¶¶ 8–10.

The Defendant, although saying he "neither supports nor opposes Plaintiff's attorney's request for § 406(b) attorney fees," notes that "[t]o the extent that Plaintiff's attorney appears to suggest that this Court perform the refund for her, by offsetting requested § 406(b) fee [sic] against the already-awarded EAJA fee, . . . this is contrary to the language of [*Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002)]." Def.'s Resp. 3. The Plaintiff's reply argues that the amount to be paid "does not run afoul of 42 U.S.C. § 406(b)." Pl.'s Reply 2.

## ANALYSIS

The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, *see*

2

42 U.S.C § 406(b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. The reasonableness analysis considers the "character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Reasons to reduce an award include an attorney's unjustifiable delay or if the past-due benefits are large in comparison to the amount of time an attorney has spent on a case. *Id*. In addition, an award of EAJA fees under 28 U.S.C. § 2412 offsets an award under § 406(b). *Id.* at 796.

**1.    The Reasonableness of the Amount**

In this case, the requested amount of attorney fees is consistent with the contingency agreement. The Plaintiff's counsel represents that the proposed fee equals an effective hourly rate of approximately $614 for the combined EAJA and § 406(b) fees. *See* Pl.'s Br. 3, ECF No. 23. Such an hourly rate is reasonable given the contingent nature of this case. *See, e.g.*, *Osmun v. Comm'r of Soc. Sec.*, 1:16-CV-273, 2020 WL 7334271, *3 (N.D. Ind. Dec. 14, 2020) (effective hourly rate of $525); *Niebuhr v. Saul*, 18-CV-720, 2020 WL 6484488, at *1 (W.D. Wis. Nov. 4, 2020) (effective hourly rate of $579); *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded attorney fees with hourly rates ranging from $400 to $1,500). The number value of the award is reasonable for this case.

**2.    The Offset of the EAJA Fees**

The statute contemplates that an attorney will be awarded the full amount to which he or she is entitled and then "refund" directly to the Plaintiff the amount of the EAJA fees. 28 U.S.C. § 2412, hist. n. "Savings Provision," Pub. L. No. 99-80, § 3, 99 Stat. 183 (Aug. 5, 1985). Thus,

the Defendant is correct that, to achieve the "offset" of the EAJA fee against the § 406(b) fee mentioned repeatedly in *Gisbrecht*, the claimant's attorney and not the Defendant is responsible for refunding to the claimant the amount of the smaller fee; in this case, the EAJA fee. Def.'s Resp. 3 (citing *Gisbrecht*, 535 U.S. at 796); *see also* 28 U.S.C. § 2412, hist. n. "Savings Provision," Pub. L. No. 99-80, § 3, 99 Stat. 183 (Aug. 5, 1985).

However, the Seventh Circuit has recently concluded that it is "permissible" for attorneys to be paid the "net" of the award less the EAJA fees, although it is "disfavored." *See O'Donnell v. Saul, Comm'r of SSA*, — F.3d —, 2020 WL 7706734, *2, *7 (7th Cir. 2020). Thus, the Defendant's objection is not in line with this Circuit's case law. The only additional fact present in this case but not in *O'Donnell* is that the Plaintiff's attorney is asking to be paid even less than the net so that the Defendant continues to hold enough funds to satisfy the maximum award permitted under § 406(a) to the attorney who performed that work.[1] As the further reduction is in essence a reduction in fees owed to the Plaintiff's attorney by the Plaintiff so that all fees are paid without further litigation between client and lawyer, the Court will approve this arrangement.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Plaintiff's Motion for Approval of Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 22] and AWARDS attorney fees under 42 U.S.C. § 406(b) in the amount of $18,050.00, which accounts for the need to offset EAJA fees.

SO ORDERED on January 11, 2021.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT

---

[1] Unlike in *O'Donnell*, that attorney is not the one representing the Plaintiff here.

4